**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CR. No. C-08-4 (1) |
| | § | |
| ELIAS PAIZ, JR. | § | |

**ORDER GRANTING MOTION FOR EXTENSION**
**OF TIME TO APPEAL AND APPOINTING COUNSEL**

On June 24, 2008, the Clerk of this Court received a letter from Defendant Elias Paiz, Jr. addressed to this Court. It has been properly docketed as both a Notice of Appeal (D.E. 71) and a Motion for Extension of Time to Appeal. (D.E. 70.) Although Paiz's motion was written and "witnessed" by another individual because Paiz alleges he is "illiterate and cannot read or write English nor any other language," Paiz has signed the letter. In it, Paiz explains that he wants to appeal his case, but that his attorney of record did not file an appeal. He also states that he does not believe he was competent to stand trial due to his "long history of emotional and mental disorders namely schizophrenia, paranoia and depression." (D.E. 70 at 1.)[1] Finally, Paiz alleges that he felt "railroaded" and "misled throughout his case." He explains that he wants to appeal but does not feel that his attorney of record will help him. (Id.)

The Court construes Paiz's motion as seeking a motion for extension of time to appeal under Fed. R. App. P. 4(b)(4), which allows a district court to grant an additional thirty days beyond the ten-day period for appealing, with or without motion and notice, upon a finding of "excusable neglect or good cause." In order to be timely, Paiz's Notice of Appeal had to be filed on or before May 28,

---

[1] Interestingly, Paiz alleges that he was not evaluated for mental competence (D.E. 70 at 1), but the docket sheet in his case in fact contains a report from his mental evaluation, as ordered by the Court. (D.E. 45, 50.)

2008.[2]  He did not file a timely Notice of Appeal, but his letter seeking an extension and expressing an intent to appeal was received by the Clerk on June 24, 2008, and the envelope enclosing it is post-marked June 19, 2008.  (D.E. 70 at 3.)  Thus, he has sought an extension within the 30-day window set forth in Fed. R. App. P. 4(b).

Because Paiz's notice of appeal was filed within that 30-day window, this Court can grant his motion for extension of time upon finding excusable neglect or good cause.  In his signed letter, Paiz seeks an extension because his counsel failed to timely file an appeal.  The Fifth Circuit has plainly recognized that an attorney's failure to file an appeal pursuant to a defendant's request would be ineffective assistance of counsel and would thus constitute excusable neglect for filing of untimely appeal.  United States v. Clark, 193 F.3d 845 (5th Cir. 1999).  As in another Fifth Circuit case relied upon and discussed in Clark, if the facts as alleged by Paiz are true, his attorney here did not file a notice of appeal, nor did he seek to withdraw.  See Clark, 193 F.3d at 847 (discussing United States v. Bergeron, 74 F.3d 1238 (5th Cir. 1995)).  Thus, assuming Paiz's allegations to be true, he has shown excusable neglect.

For the foregoing reasons, the Court finds that good cause or excusable neglect exists for Paiz's late notice of appeal.  Accordingly, his *pro se* notice of appeal should be deemed timely.

To the extent that Paiz makes additional claims regarding his competency to stand trial or whether his guilty plea was knowing or voluntary, those claims have no bearing on the timeliness of his appeal and are better addressed either on appeal or in a motion under 28 U.S.C. § 2255.  Thus, the Court reaches no conclusions herein as to those allegations.

---

[2]  Judgment was entered against Paiz on May 13, 2008.  Ten days after that date, excluding intermediate weekends and the Memorial Day holiday pursuant to Fed. R. App. P. 26(a) was May 28, 2008.

Finally, the Court notes that Paiz was determined to be financially unable to obtain an adequate defense in his underlying case and was represented throughout the proceedings by appointed counsel. Thus, he has shown his financial eligibility for counsel. <u>Cf.</u> Fed. R. App. P. 24(a)(3) (criminal defendant is entitled to proceed on appeal *in forma pauperis* without further authorization, absent a contrary statute or a certification by the district court that the appeal is not taken in good faith or he is otherwise not entitled to *ifp* status); <u>see also</u> Fed. R. Crim. P. 44 (a financially qualified defendant is "entitled to have counsel appointed to represent [him] at every stage of the proceeding from initial appearance ***through appeal***, unless the defendant waives this right."

Paiz has not sought the appointment of new counsel, but has identified several specific alleged errors by his appointed counsel in the underlying proceedings, including the alleged failure to appeal. In light of those statements of dissatisfaction, the Court will appoint new counsel to represent Paiz on appeal. Accordingly, Armando Cavada, Post Office Box 2286, Corpus Christi, Teas 78403, (361) 816-6549 is hereby appointed to represent Paiz on appeal. The Clerk is directed to provide a copy of this Order to the parties, as well as to Mr. Cavada.

## CONCLUSION

For the foregoing reasons, Paiz's motion for extension of time to appeal (D.E. 70) is GRANTED and his appeal is deemed timely filed. Armando Cavada is hereby appointed to represent Paiz on appeal.

ORDERED this 27th day of June, 2008.

Janis Graham Jack
United States District Judge